Christopher B. Dolan (#165358)
Aimee E. Kirby (#216909)
**THE DOLAN LAW FIRM**
1438 Market Street
San Francisco, California 94102
Telephone:   (415) 421-2800
Facsimile:   (415) 421-2830

Attorneys for Plaintiffs

## UNITED STATES DISTRIC COURT
## NORTHERN DISTRICT OF CALIFONRIA

| | |
|---|---|
| ALBERTO LAINEZ, and LIDIA GUARDADO MEJIA,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CITY OF SALINAS, a public entity, the CITY OF SALINAS POLICE CHIEF, KELLY McMILLIN, in his official capacities, OFFICER DOE 1, OFFICER DOE 2, OFFICER DOE 3, Individually, and DOES 4 Through 10 Jointly and Severally<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES: AND INJUNCTIVE RELIEF**<br><br>1. **42 USC 1983 Deprivation of Rights;**<br>2. **Monell Claim – 42 USC 1983;**<br>3. **Violation of Cal. Civ. Code 52, 52.1, and 51.7**<br>4. **Negligent Hiring, Retention, Training, Supervision, and Discipline;**<br>5. **Assault and Battery;**<br>6. **Gross Negligence;**<br>7. **Wrongful Death and Survival Action;**<br><br>**DEMAND FOR JURY TRIAL** |

The following is a Complaint for damages brought by Plaintiffs by and through their attorneys The Dolan Law Firm, who allege on information and belief as follows:

///

///

## JURISDICTION

1. This is a civil rights wrongful death/survival action arising from Defendants' wrongful shooting, use of excessive force and negligence, resulting in the  death of OSMAN HERNANDEZ, Deceased on May 9, 2014, in the City of Salinas, Monterey County, California. This action is brought pursuant to 42 USC Section 1983 and 1988 and the Fourth, First and Fourteenth Amendments of the United States Constitution n as well as the laws and Constitution of the State of California. Jurisdiction is founded upon 28 USC Sections 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 USC Section 1367 to hear and decide claims arising under state law.

## INTRADISTRICT ASSIGNMENTS

2. A substantial part of the events and/or omissions complained of herein occurred in the City of Salinas, Monterey County, California, and this action is properly assigned to the San Jose Division of the United States District Court of the Northern District of California, pursuant to Civil Local Rule 3-2(e)

## IDENTIFICATION OF PARTIES AND PROCEDURE

3. Plaintiffs, Alberto Lainez and Lidia Guardado Mejia, bring these claims individually and as the Successor-in-Interest to their son Osman Hernandez ("Decedent"). Plaintiffs are residents of El Salvador and are entitled to bring these claims individually pursuant to California Code of Civil Procedure Section 377.60, and federal civil rights law.

4. As described above, Plaintiffs herein bring these claims pursuant to California Code of Civil Procedure sections 377.20 et seq. and 377.60 et. seq. which provide for survival and wrongful death actions. These claims are also brought individually on behalf of OSMAN HERNANDEZ, on the basis of 42 USC Sections 1983 and 1988.

5. Defendant CITY Of Salinas is a Public Entity established by the laws and Constitution of the State of California, and owns, operates, manages, directs and controls the Salinas Police Department ("SPD") which employs other defendant in this action.

6.  Defendant Police Officer DOE 1 at all material times was employed as a law enforcement officer by Defendant City of Salinas, and was acting within the course and scope of the employment. Defendant DOE 1 is being sued in his individual capacity.

7.  Defendant Police Officer DOE 2 at all material times was employed as a law enforcement officer by Defendant City of Salinas, and was acting within the course and scope of that employment. Defendant Police Officer DOE 2 is being sued in his individual capacity.

8.  Defendant Police Officer DOE 3 at all material times was employed as a law enforcement officer by Defendant City of Salinas, and was acting within the course and scope of that employment. Defendant Police Officer DOE 3 is being sued in his individual capacity.

9.  Defendant, Kelly McMILLIN, at all times relevant was employed as the Chief of Police by Defendant City of Salinas and was acting in the course and scope of that employment. As Chief of Police, Kelly McMILLIN was a policy-making official of the City of Salinas with the power to make official and final policy for the Salinas Police Department. He had the overall responsibility and final authority for the operations, management, direction, and control of the Salinas Police Department, its police officers, and police supervisory personnel. Defendant Kelly McMILLIN is being sued in his official capacities.

10. Plaintiffs are informed and believe, and thereon allege, that each of the Defendants was at all times material acting with an evil motive or intent, or reckless or callous indifference to the federally protected rights of Mr. HERNANDEZ, and Defendants in their official and/or individual capacities, deprived Mr. HERNANDEZ of his rights guaranteed by the Constitution of the United States and protected by 42 U.S.C. §1983.

11. Plaintiffs are informed and believe, and thereon allege, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venture, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within he course and scope of that relationship. Plaintiffs are further informed and believe, and thereon allege, that each Defendants herein gave consent, aid and assistance to each of the remaining Defendants, and ratified and/or authorized the

acts or omissions of each Defendant as alleged herein, expect as may be hereinafter otherwise specifically alleged. At all material times, each Defendant was jointly engaged in tortious activity resulting in the deprivation of Plaintiffs' constitutional rights and other harm.

12. All acts and omission of Defendants as set forth herein were performed at all material times, as a policy or custom, and with deliberate indifference, of the Salinas Police Department.

13. The actions of Defendants, acting under color of state laws, deprived Mr. HERNANDEZ of his rights, privileges, and immunities under the laws of the Constitution of the United States, including but not limited to, the right to be secure in his person and property, to be free from excessive use of force, and to enjoy the rights of due process as guaranteed under the law.

14. Each Plaintiff herein timely and properly filed tort claims pursuant to Cal. Gov. Code Section 910, and this action is timely filed within all applicable statutes of limitation.

15. This Complaint may be pled in the alternative pursuant to FRCIV 8e(2) .

## FACTS COMMON TO ALL CAUSES OF ACTION

16. Plaintiff re-alleges each and every paragraph in this Complaint as if it is fully set forth here.

17. This Complaint concerns an extremely tragic incident that took place on May 9, 2014, in the City of Salinas around the shopping center of Mi Pueblo that is located at 950 East Alisal Street, Salinas, California. Without provocation or just cause, Defendants DOE 1, DOE 2, and DOE 3, used excessive and unreasonable force against Osman Hernandez, tasing him, and then shooting him ten times. At the time of his killing Osman Hernandez spoke only Spanish. The three police officers were, before a proper investigation was conducted, cleared by the Chief of Police, CHIEF MCMILLIN, as having acted with the "appropriate amount of force." After a week off-duty, they were "cleared to return to duty." In the his press announcement CHIEF MCMILLIN further indicated that two of the Officers involved in the shooting of Mr. HERNANDEZ have been implicated in prior shootings.  One of the Officers had been involved in three (3)

prior shootings, and the other in two (2) prior shootings. The Police Chief indicated that many of the immigrant workers have lettuce knives that "they carry as a tool."

18. Defendants DOES 1, 2 and 3, failed to give any warning before using deadly force, even though a warning was feasible and proper. They knew or should have known that the taser or Electronic Control Device had been effective in subduing Mr. HERNANDEZ after he was tased the first time. Yet, they failed to use any other restraint attempts with non-deadly force, such as the use of the taser a second time, physical restraint, or the use of other control devices such as pepper spray, batons, and specialty impact munitions.

19. There were at least three (3) officers on the scene, a K-9 Officer, and all officers were equipped with full bullet proof vests.

20. At the time that Defendants DOES 1, 2 and 3 fired the gunshots at OSMAN HERNANDEZ, he did not pose a significant and immediate threat of death or serious physical injury to Defendants or to anyone else.

21. At all times material, the use of deadly force, including the approximately ten (10) gunshots described herein, was excessive force, and was not justified or lawful under the circumstances.

22. Alternatively, or concurrently, Defendants DOES 1, 2 and 3's own excessive and unreasonable actions created a risk of harm to OSMAN HERNANDEZ, and caused an escalation of events leading to the shooting death of OSMAN HERNANDEZ.

23. Defendants DOES 1, 2 and 3's conduct herein, included but not limited to their decision(s) to stop and seize OSMAN HERNANDEZ, the manner in which they conducted that stop and seizure, their failure to communicate with OSMAN HERNANDEZ and witnesses in Spanish, their use of force including their use of deadly force, and their conduct was contrary to general accepted reasonable police procedures and tactics, and caused the wrongful death of OSMAN HERNANDEZ.

24. At the time of OSMAN HERNANDEZ's wrongful death, any and all officer-involved shootings by the Salinas Police Department was investigated by the Salinas Police Department as determined by Defendant Chief of Police, CHIEF MCMILLIN. This policy adopted assigns a police officer to investigate the alleged misconduct of his or

her own police officer co-worker. Such policy or procedure does not provide for meaningful objective internal review of the police officer misconduct – and thus, a failure to recommend objective disciplinary action or recourse.

25. Defendants CITY OF SALINAS and Defendant CHIEF MCMILLIN, in his official capacity, as a policy and custom and with deliberate indifference, continually failed to sanction or discipline its officers, even though it was aware or should have been aware of numerous disciplinary violations committed by its officers and that such wrongful conduct resulted in a depravation of specific constitutional rights of citizens prior to May 9, 2014, including ultimately the death of Mr. HERNANDEZ.

26. Defendant CITY OF SALINAS, and Defendant CHIEFL MCMILLIN, in his official capacity, with deliberate indifference to the constitutional rights of SALINAS citizens, including Mr. HERNANDEZ, failed to implement a training program for the Salinas Police Department and its officers or implement a program that was grossly inadequate to prevent the shooting of Mr. HERNANDEZ, despite its actual or constructive knowledge that such training was necessary.

27. At all times material, and alternatively, the actions and omissions of each Defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Decedent's and Plaintiffs' (individually and on behalf of OSMAN HERNANDEZ, Deceased) rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

28. As a proximate result of each Defendants' acts and/or omissions as set forth above Plaintiffs and Decedent were deprived of their rights secured specifically by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, in direct violation of 42 U.S.C. §1983.

29. As a direct and proximate result of Defendants' acts and/or omissions Plaintiffs and Decedent sustained the following injuries and damages, past and future among things:

A. Wrongful Death of Osman Hernandez

B. Hospital and medical expenses

C. Coroner's fees, funeral and burial expenses

D. Loss of family relationships, including loss of love, and economic support.

E.  Violation of Constitutional rights.

F.  All damages and penalties recoverable under 42 USC Section 1983 and 1988 and otherwise allowed Under the California and United States statutes, codes and common law.

G.  Osman Hernandez's loss of life, pursuant to federal civil rights law.

H.  Osman Hernandez's conscious pain and suffering, pursuant to federal civil rights law.

## COUNT ONE
## 42 USC SECTION 1983 DEPRIVATION OF RIGHTS
## ALL PLAINTIFFS AGAINST DEFENDANTS OFFICER DOE 1, OFFICER DOE 2, OFFICER DOE 3, and DOES 4-10

30.  Paragraphs 1 to 29 of this Complaint are realleged, adopted and incorporated by reference into this Count.

31.  By the actions and omissions described above, which were all of an evil motive or intent, or reckless or callous indifference to the federally protected rights of Mr. HERNANDEZ, Defendants DOE 1, DOE 2, and DOE 3, both in their official and individual capacities, along with Does 4-10, violated 42 U.S.C. Section 1983, depriving Decedent and Plaintiffs of the following clearly-established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to U.S. Constitution:

A.  The right and privilege not to be deprived of his life and/or liberty without due process and equal protection of the law;

B.  The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

C.  The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments.

D.  The right to be free from the use of unlawful deadly force as secured by the Fourth and Fourteenth Amendments;

E.  The right to be free of unlawful, reckless, deliberately indifferent, and conscience shocking deadly force as secured by the Fourteenth Amendment;

F.  The right and privilege to be free from cruel and unusual punishment as secured by the Eighth Amendment and Fourteenth Amendments;

G.  The right to be free from wrongful government interference with familial relationship and Plaintiffs' right to companionship, society and support of each other, as secured by the First, Fourth and Fourteenth Amendments, and California Code of Civil Procedure Sections 377.20 et seq., and 377.60 est seq.

32.  Defendants subjected OSMAN HERNANDEZ and Plaintiffs to their wrongful conduct, depriving Decedent and Plaintiffs of rights described herein, knowingly, maliciously and with conscious and reckless disregard for whether the rights and safety of Decedent and Plaintiffs (individually and on behalf of OSMAN HERNANDEZ, Deceased) and others would be violated by their acts and/or omissions.

33.  As a direct and proximate result of the Defendants' acts and/or omissions as set forth above. Plaintiffs (individually and on behalf of Osman Hernandez, Deceased) sustained injuries and damages as set forth in this complaint.

34.  The conduct of Defendant Officers DOE 1, DOE 2, DOE 3, and Does 4-10 entitles Plaintiffs to punitive damages and penalties allowable under 42 USC Section 1983, Cal. Code of Civil Procedure Section 377.20, et. Seq. and Code of Civil Procedure Sections 377.60 et. seq.

35.  Plaintiffs are entitled to reasonable costs and attorney fees under 42 USC Sections 1983 and 1988, Cal. Code of Civil Procedure Section 377.20 et seq. and Cal. Code of Civil Procedure Sections 377.60, et. seq.

## COUNT TWO
## 42 USC Section 1983 DEPRIVATION OF RIGHTS
## ALL PLAINTIFFS AGAINST DEFENDANT CITY OF SALINAS, CHIEF OF POLICE McMILLIN.

36.  Paragraphs 1 to 34 of this Complaint are realleged, adopted and incorporated by reference into this Count.

37. The unconstitutional actions and/or omissions of Defendants DOE 1, DOE 2, DOE 3, and Does 4-10 as well as other officers employed by or acting on behalf of the City of Salinas, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the Salinas Police Department, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officers for the City of Salinas and the Salinas Police Department, including Defendant CHIEF MCMILLIN, including but not limited to:

A. To use or tolerate the use of excessive and/or unjustified force;

B. To use or tolerate the use of unlawful deadly force;

C. To fail to use appropriate and generally accepted law enforcement procedures in handling individuals who have consumed alcohol.

D. To fail to use appropriate and generally accepted law enforcement procedures in handling persons experiencing the result of consumption of alcohol.

E. To cover-up violations of constitutional rights by and or all of the following:

   i. By failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force, unlawful seizures, and or handling of those individuals who have consumed alcohol.

   ii. By ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

   iii. By allowing, tolerating and/or encouraging police officers to: fail to file complete and accurate police reports, file false police reports, make false statements, intimidate, bias and/or coach witnesses to give false information and/or attempt to bolster officer's stories, and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduction, by withholding and or concealing material information.

F. To allow, tolerate and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby and officer or member of the department does not provide adverse information against a fellow officer or member of the department; and

G. To use or tolerate inadequate, deficient, and improper procedures for handling, investigating and reviewing complaints of officer misconduct made under California Government Code Section 910 et seq.

38. At all times material to this action Defendant CITY OF SALINAS, and Defendant CHIEF MCMILLIN, in his official capacity, with deliberate indifference, created and had in effect unreasonable policies or customs that were a direct and proximate cause of the unconstitutional use of illegal, negligent and/or improper police conduct. The improper policies, or customs resulted in the police department engaging in systematic procedures which denied citizens, including Mr. HERNANDEZ, of their constitutional protection and include the following:

A. The failure to properly train and supervise police officers, including DOES 1, 2 and 3, in the appropriate and lawful methods of law enforcement, including but not limited to the proper use of force; the proper method of investigation; the proper use of tasers; and the proper use of firearms.

B. The failure to properly supervise its police officers, including DOES 1, 2 and 3, which had the effect of allowing officers to use excessive force;

C. The failure to provide proper psychological and/or psychiatric testing and/or treatment for its police officers, including DOES 1, 2 and 3, in order to determine which employees were prone to use illegal and/or excessive force so that employees representing significant risk of harm could be retrained, dismissed, or transferred to positions which would not subject citizens to illegal and/or excessive conduct;

D. The failure to maintain policies or customs which assured the protection of the public from improper negligent and/or illegal police conduct.

E. The failure to take proper and necessary remedial action after improper police conduct occurred so as to assure that such would not occur in the future.

F. The failure to hire and train police officers and police supervisors to carry out their duties without using illegal force, threats, physical abuse or other harassment tactics in violation of normal police standards and constitutional rights guaranteed to citizens such as Mr. HERNANDEZ.

G.      The failure to properly evaluate and monitor its own internal affairs policies, procedures and standards resulting in deficient investigations of complaints made by the public against police officers, including DOES 1, 2 and 3. Such failures resulted in a breakdown of reasonable review policies which allow police coverups to occur. This sanctioning of wrongful conduct had the effect of allowing illegal, negligent and/or wrongful police action to continue in the department.

39. Defendants CITY OF SALINAS, and CHIEF MCMILLIN, in his official capacity, and Does 4-10 with deliberate indifference, failed, and has a history of failing to take reasonable measures to protect the public, including Decedent and Plaintiffs herein, and thereby breaching their duty to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants DOE 1, DOE 2, DOE 3, and Doe Defendants and other SPD personnel. Defendants CITY OF SALINAS and CHIEF MCMILLIN, in his official capacity, had actual and constructive knowledge of the conduct alleged herein.

40. The unconstitutional actions and/or omissions of Defendant Does 1-10 and other Salinas Police personnel, as described above, were approved, tolerated and/or ratified by policy-making officers for the Salinas Police Department. Plaintiffs are informed and believe and thereon allege, the details of the incident have been revealed to the authorized policy makers within the City of Salinas and the Salinas Police Department, and that such policy makers have direct knowledge of the fact that the OSMAN HERNANDEZ shooting was not justified, but rather represented an unconstitutional display of unreasonable, excessive and deadly force. Notwithstanding this knowledge, the authorized policy makers within the City of Salinas and the Salinas Police Department have approved of Defendants DOE 1, DOE 2, and DOE 3, and have made a deliberate choice to endorse Defendants DOE 1, DOE 2, and DOE 3's shooting of OSMAN HERNANDEZ and the basis of that shooting. By doing so, the authorized policy makers within the City of Salinas and the Salinas Police Department have shown affirmative agreement with the individual defendants officer's actions, and have ratified the unconstitutional acts of the individual Defendants.

41. The conduct alleged herein constituted an officially adopted policy or custom which had the effect of minimizing the consequences of police misconduct and, as a result, caused the deprivation of Mr. HERNANDEZ's rights and life, thereby causing real and substantial damages to his survivors.

42. Defendants subjected Decedent to their wrongful conduct, depriving Decedent and Plaintiffs of rights described herein, knowingly, maliciously and with conscious and reckless disregard for whether the rights and safety of Decedent, Plaintiffs and others would be violated by their acts and/or omissions.

43. As a direct and proximate result of the unconstitutional actions, omissions customs polices, practices and procedures of Defendants CITY OF SALINAS, CHIEF MCMILLIN, in his official capacity, and Does 1-10 as described above, Decedent and Plaintiffs sustained serious and permanent injuries and are entitled to damages and penalties, costs and attorney fees as set forth in the paragraphs above, and punitive damages against Defendants DOE 1, DOE 2, DOE 3 and Does 4-10 in their individual capacities.

**COUNT THREE**

**VIOLATION OF CALIFORNIA CIVIL CODE SECTIONS 52.1, 52. 51.7**

**ALL PLAINTIFFS AGAINST ALL DEFENDANTS**

44. Plaintiffs re-allege each and every paragraph in this compliant as if fully set forth herein.

45. By their acts omissions, customs, and policies, each Defendant acting in concert/conspiracy, as described above, violated Decedent's and Plaintiffs' rights under California Code Section 52.1, and the following clearly established rights under the United States Constitution and the California Constitution:

A. The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments.

B. The right to be free from the use of unlawful deadly force as secured by the Fourth and Fourteenth Amendments.

C.  The right to be free of unlawful, reckless, deliberately indifferent, and conscience shocking deadly force as secured by the Fourteenth Amendment.

D.  The right to be free from wrongful government interference with familial relationship and Plaintiffs' right to companionship, society and support of each other, as secured by the First, Fourth and Fourteenth Amendments, and California Code of Civil Procedure Sections 377.20 et seq, and 377.60 est seq.

E.  The right to enjoy and defend life and liberty, acquire, possess and protect property, and pursue and obtain safety, happiness and privacy, as secured by the California Constitution, Article 1, Section 1;

F.  The right of life, liberty and property and not to be deprived of those without due process of law as secured by the California Constitution, Article 1, Section 7;

G.  The right to be free from unlawful and unreasonable seizure of one's person, including the right to be free from unreasonable or excessive deadly force, as secured by the California Constitution, Article 1, Section 13;

H.  The right to protection form bodily restrain, harm or personal insult, as secured by Cal. Civil Code section 43 and Cal. Civ. Code section 51.7.

46. As a direct and proximate result of Defendants' violation of California Civil Code Section 52.1 and of Plaintiffs' (individually and on behalf of OSMAN HERNANDEZ, Deceased) rights under the United States of California Constitution, Plaintiffs sustained injuries and damages, and against each and every Defendant are entitled to relief as set forth above, and punitive damages against the Defendants, DOE 1, DOE 2, DOE 3, and Does 4-10 in their individual capacities, including all damages allowed by Cal. Code of Civ. Proc. 377.20, 377.34,  California Civil Code Sections 52, 52.1, 51.7 and California law, not limited to costs, attorney fees, and civil penalties.

///

///

///

///

///

///

## COUNT FOUR

## NEGLIGENCE, PERSONAL INJURIES

## ALL PLAITNIFFS AGAINST ALL DEFENDANTS

47. Plaintiffs re-allege each and every paragraph in this complaint as if fully set forth here.

48. At all times, each Defendant owed Decedent and Plaintiffs the duty to act with due care in the execution and enforcement of any right, law or legal obligation.

49. At all times, each Defendant owed Decedent and Plaintiffs the duty to act with reasonable care.

50. These general duties of reasonable care and due care owed to Decedent and Plaintiffs by all Defendants include, but are not limited to the following specific obligations.

   A. To refrain from using excessive and/or unreasonable force against OSMAN HERNANDEZ;

   B. To refrain from unreasonably creating the situation where force, including but not limited to deadly force, is used'

   C. To refrain from abusing their authority granted to them by law;

   D. To use tactics and force appropriate for a person that has consumed alcohol.

   E. To retrain from violating Plaintiffs' rights guaranteed by the United States California Constitution, as set forth above, and as otherwise protected by law.

51. Additionally, these general duties of reasonable care and due care owed to Plaintiffs and Decedent by Defendants CITY of Salinas, Chief MCMILLIN, DOE 1, DOE 2, DOE 3 and Does 4-10, include but are not limited to the following specific obligations:

   A. to properly and adequately hire, investigate, train, supervise, monitor, evaluate and discipline their employees, agents, and/or law enforcement officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with the law;

   B. to make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including plaintiffs'

   C. to refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth at paragraph 36, above.

52. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to the Plaintiffs and Decedent.

53. As a direct and proximate result of Defendants' negligence, Plaintiffs (individually and on behalf of OSMAN HERNANDEZ, Deceased) sustained injuries and damages, and against each and every Defendant are entitled to relief as set forth above, and punitive damages against Defendants DOE 1, DOE 2, DOE 3, Chief McMILLIN and Does 4-10 in their individual capacities.

## COUNT FIVE
## ASSAULT AND BATTERY ALL PLAINTIFFS AGAINST ALL DEFENDANTS

54. Plaintiffs re-allege each and every paragraph in this complaint as if fully set forth here.

55. The actions and omissions of Defendants DOE 1, DOE 2, DOE 3 and Does 4-10 Chief McMILLIN and the CITY of SALINAS as set forth above constitute battery.

56. As a direct and proximate result of Defendants' assault and battery of OSMAN HERNANDEZ, Plaintiffs sustained injuries and damages, and are entitled to relief as set forth above, and punitive damages against all Defendants in their individual capacities.

## COUNT SIX
## GROSS NEGLIGENCE AS TO DOE 1, DOE 2, AND DOE 3

57. Paragraphs 1 through 56 of this Complaint are realleged, adopted, and incorporated by reference into this count.

58. Defendants DOE 1, DOE 2, and DOE 3, were at all times material hereto acting in their official capacity as police officers or acting outside of the scope of their employment for Salinas Police Department. Defendants DOE 1, DOE 2, and DOE 3 had the duty to use reasonable care for the safety of the public, including Mr. HERNANDEZ.

59. At all times material, DOES 1 to 3's actions were deliberate, intentional, gross and flagrant in character, evincing a reckless disregard of human life and/or safety of person exposed to the conduct. The acts committed by DOES 1 to 3 reveal an entire wont of care which shows conscious indifference to the consequences of his acts and evinces a

wantonness and/or recklessness and/or gross carelessness in that he intentionally disregarded the safety of citizens.

60. As previously outlined herein, Defendants DOES 1 to 3, conducted their actions as outlined in paragraph 59 above by the following grossly negligent conduct:

    A. Utilized excessive force when such was not proper;

    B. Intentionally used deadly force against a lay person on the ground, when under all circumstances applicable, the use of such force was improper and unjustified

61. As a result of Defendants DOES 1 to 3's gross negligence, Mr. HERNANDEZ was tased and shot ten times while he was laying on the ground.

62. As a result of Mr. HERNANDEZ's death, his survivors sustained permanent injuries and damages.

63. As a direct and proximate result of the wrongful conduct as herein alleged, Plaintiffs ALBERTO LAINEZ, and LIDIA GUARDADO MEJIA suffered the loss of their son's support and services, incurred funeral expenses, suffered indirect economic losses, and suffered and continues to suffer great mental pain and anguish as a result of their son's untimely wrongful death.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

a. Compensatory and exemplary damages in an amount according to proof and which is fair, just and reasonable.

b. Punitive damages under 42 USC Section 1983 and California law in an amount according to proof and which is fair, just and reasonable;

c. All other damages, penalties, costs, interest and attorney fees as allowed by 42 USC Section 1983 and 1988, Cal. Code of Civ. Procedure Section 377.20 et seq., 377.60 et. seq., Cal. Civil Code Section 52, et seq., 52.1 51.7 and as otherwise may be allowed by California and/or Federal law.

d. Injunctive relief:

    i. An order prohibiting Defendants and their police officers from unlawfully interfering with the rights of the Decedent and Plaintiffs and others to be free

from unreasonable searches and seizures and excessive and unreasonable force;

ii.  An order prohibit Defendants and their police officers from engaging in a code of silence as may be supported by the evidence in this case,

iii.  An order requiring Defendants to train all Salinas Police Department law enforcement officers concerning generally accepted and proper tactics and procedures for the use of deadly force

iv.  An order requiring Defendants to be retrained in non-deadly force, such as tasing (the use of Electronic Control Devices), baton use, physical restraint, empty hand control (such as compliance holds), the use of control devices such as pepper spray, and specialty impact munitions.

Plaintiff demands a trial by jury.

Dated: September 16 , 2014                THE DOLAN LAW FIRM

By: _____
     CHRISTOPHER B. DOLAN
     AIMEE E. KIRBY
     SANDRA ISABELLE TAN
     Attorneys for Plaintiff
     ALBERTO LAINEZ, and LIDIA
     GUARDADO MEJIA