E-Filed 4/29/16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO LAINEZ, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>CITY OF SALINAS, et al.,<br><br>　　　　　Defendants. | Case No.  14-cv-04311-EJD   (HRL)<br><br>**ORDER ON DISCOVERY DISPUTE JOINT REPORT 1**<br><br>Re: Dkt. No. 36 |

Plaintiffs Alberto Lainez and Lidia Guardado Mejia ("Plaintiffs") claim in this wrongful-death case that members of the Salinas Police Department unlawfully shot and killed their son. Defendants Kelly McMillin, Derek Gibson, George Lauricella, and the City of Salinas ("Defendants") answer that any force the police used was "reasonable and necessary under the circumstances[.]" Dkt. No. 8 at 10.

The parties dispute whether Plaintiffs should be deposed in the Northern District of California. Plaintiffs assert they cannot legally attend depositions in the United States because they lack, and cannot feasibly obtain, temporary visas that would authorize them to travel. Defendants respond: (1) it is presumptively proper to require a plaintiff to appear for a deposition in the district where the plaintiff filed suit; (2) remote depositions would be ineffective and would allow opposing counsel to coach Plaintiffs; (3) traveling to El Salvador for face-to-face depositions would be too dangerous for Defendants' counsel; and (4) Plaintiffs could strengthen future visa applications with the aid of the court.

The parties were unable to resolve their dispute; they therefore sought judicial intervention by filing Discovery Dispute Joint Report 1. Dkt. No. 36.

**Discussion**

Plaintiffs ask the court to order that their "[d]epositions be taken via videoconference . . .

1   and that this video testimony can be used at trial." Dkt. No. 36 at 6. Defendants ask this court to
2   instead "test[]" a "process" which might result in the issuance of visas: (1) the court would order
3   that Plaintiffs' case shall be dismissed if they receive visas and then fail to return to El Salvador in
4   accord with the terms of those visas; (2) Plaintiffs would then apply for visas with the court's
5   order proffered to support their applications; and (3) Plaintiffs' counsel would also post a
6   monetary bond that would be forfeit if Plaintiffs failed to comply with the terms of the visas. Dkt.
7   No. 36 at 8-9.

8   The parties agree it is presumptively proper to require a plaintiff to attend a noticed deposition in the forum where he has filed suit. *See* 8A Fed. Prac. & Proc. Civ. § 2112 (3d ed.). Defendants argue that Plaintiffs have not justified a departure from this presumption because mere "inconvenience or expense" is not a "legitimate" justification. Dkt. No. 36 at 7 (quoting *United States v. Rock Springs Vista Dev.*, 185 F.R.D. 603, 604 (D. Nev. 1999)). Plaintiffs respond that the "impossibility" of obtaining visas provides a legitimate justification that goes beyond mere inconvenience or expense—Plaintiffs' counsel asserts that visa applicants must show they can afford the costs of their intended journeys, but that her clients are too impoverished to prove they could afford to travel to and from depositions in the United States. Dkt. No. 36 at 3-5.

17  The undersigned is not convinced that it would be impossible for Plaintiffs to obtain visas for the purpose of participating in this case. Defendants raise a fair point: if future visa applications would probably be denied due to Plaintiffs' inability to afford the costs of travel, and given that Plaintiffs' counsel have previously expressed a willingness to pay "the cost of all counsel traveling to El Salvador" for the depositions, then why have Plaintiffs' counsel not attempted to support new visa applications with, for instance, a declaration that states they would pay the travel costs of their clients? Dkt. No. 36 at 9.

24  The information before the court nevertheless persuades the undersigned that Plaintiffs currently lack visas and that one of Plaintiffs applied fairly recently for a visa, but the application was denied. The undersigned is therefore satisfied that Plaintiffs have shown a legitimate justification, beyond mere inconvenience or expense, for the court to excuse Plaintiffs from attending depositions in this district—Plaintiffs could not legally attend any such depositions at

1   this time and it is plausible, if not certain, that future visa applications would be rejected.

2   Defendants also argue Plaintiffs have "the burden of showing that foreign law prohibits their compliance with the Federal Rules[.]" Dkt. No. 36 at 8 (citing *St. Jude Medical S.C., Inc. v. Janssen-Counotte*, 104 F. Supp. 3d 1150, 1151 (D. Or. 2015)). Defendants misread the opinion they rely upon for this proposition. That opinion ruled that foreign law may sometimes justify failure to comply with a discovery order if the person who failed to comply with the order shows that a foreign law "prohibits" the ordered "disclosure[.]" *Janssen-Counotte*, 104 F. Supp. 3d at 1154. The question before this court is not whether to enforce a violated discovery order; Defendants' citation is not pertinent here.

   The undersigned is also not persuaded by either the argument that remote depositions would be ineffective or the argument that remote depositions might lead to gamesmanship. Dkt. No. 36 at 8-9. The undersigned appreciates the comparative advantages of face-to-face depositions—a better opportunity to evaluate non-verbal reactions, for example—but this court has repeatedly recognized that videoconference depositions nevertheless "tend to be effective and efficient[.]" *E.g.*, *Lopez v. CIT Bank, N.A.*, 15-cv-00759-BLF-HRL, 2015 WL 10374104, at *2 (N.D. Cal. Dec. 18, 2015) (collecting cases). This court therefore has a policy of "liberally" granting leave to hold remote depositions. *Id.* Plaintiffs presently lack necessary visas and one of them had a visa application denied relatively recently. Dkt. No. 36 at 2-3. Plaintiffs also assert their lawyer would be "in frame" during any videoconference depositions so that Defendants' lawyer can verify no "coaching" occurs. Dkt. No. 36 at 6. The undersigned therefore rejects Defendants' concerns about coaching as speculative and finds good cause to permit the remote depositions of Plaintiffs. If Defendants remain deeply concerned about the possible ineffectiveness of remote depositions and the possibility of gamesmanship, then they retain both the option of sending a lawyer into El Salvador and the option of hiring local counsel.

   It would be procedurally improper, however, for the undersigned to rule in the context of a discovery dispute on whether evidence may be used at trial. The undersigned therefore rejects Plaintiffs' request for a ruling on whether Plaintiffs' deposition testimony would be usable at trial in lieu of live testimony.

3

**Conclusion**

Plaintiffs have shown good cause to justify the taking of Plaintiffs' depositions by videoconference. Defendants may elect instead to take in-person depositions within El Salvador, but the court will not require Plaintiffs to attend noticed depositions in this district. The undersigned encourages the parties to stipulate promptly to the issuance of proposed letters rogatory under Federal Rule of Civil Procedure 28(b) if any such letters will be necessary. It would be procedurally improper for the court to rule at this time on whether Plaintiffs' deposition testimony would be usable at trial in lieu of live testimony.

**IT IS SO ORDERED.**

Dated: 4/29/16

HOWARD R. LLOYD
United States Magistrate Judge